J. Preston Stieff (4764)
J. Preston Stieff Law Offices, LLC
110 South Regent Street, Suite 200
Salt Lake City, Utah 84111
Tel: (801) 366-6002
Email: jps@StieffLaw.com

Baron (Barry) C. Bartel (Pro Hac Vice)
Patterson Earnhart Real Bird & Wilson LLP
1900 Plaza Drive
Louisville, CO  80027
Tel: (303) 926-5292
Email: bbartel@nativelawgroup.com

*Attorney for Plaintiffs Debra Jones, et al.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEBRA JONES, et al., | ) )  |
| Plaintiffs, | ) **PLAINTIFFS' RESPONSE TO** ) **MOTION TO QUASH** ) **SUBPOENA** |
| vs. | ) ) |
| UNITED STATES OF AMERICA, | ) Civil No. 2:22-mc-00683-DBB ) |
| Defendant. | ) Judge David Barlow ) ) Magistrate Judge Daphne A. Oberg ) |

The subpoenas at issue in the Motion to Quash ("Motion") were not issued by a

District Court under the Federal Rules of Civil Procedure and this Court should not hear

the Motion.  The subpoenas were issued by the United States Court of Federal Claims

("Federal Claims Court") and each refers to the Federal Claims Court's rules for seeking

protection from the subpoena.  The Federal Claims Court has nationwide jurisdiction and is the proper court to hear this Motion.  The Motion should be denied.

**THE U. S. COURT OF FEDERAL CLAIMS IS THE PROPER COURT TO HEAR THIS MOTION**

The subpoenas at issue in this Motion were issued on Form 6A provided by the Federal Claims Court.  See page 3 of both exhibits attached to the Motion.  Both subpoenas command appearance at a hearing or trial of that Federal Claims Court, sitting in Salt Lake City at the designated time.  The Federal Claims Court "may sit at any place within the United States to take evidence and enter judgment," 28 U.S.C.A. § 2505, providing it with nationwide jurisdiction, see Rules Committee Notes, 2002 Revision.

The Federal Claims Court operates pursuant to the Rules of the United States Court of Federal Claims (RCFC).  The subpoenas at issue were issued pursuant to RCFC 45, and both subpoenas refer to "RCFC 45(d), relating to your protection as a person subject to a subpoena."  RCFC 45(d) provides that, "[o]n timely motion, the court must quash or modify a subpoena…."  That reference to "court" is to the Federal Claims Court, which is the proper court to hear this Motion.

In contrast, because District Courts do not have nationwide jurisdiction, a subpoena in a District Court "must issue from the court where the action is pending," FRCP 45(a)(2), but the "court for the district where compliance is required" entertains motions to quash under FRCP(d)(3).  Those federal rules govern "proceedings in the United States district courts," FRCP 1, and do not vest District Courts with jurisdiction to quash a subpoena issued under RCFC 45(d) by the Federal Claims Court.  Only the Federal Claims Court

2

may entertain a motion to quash a subpoena issued pursuant to RCFC 45(d), and only its rules are cited on the Subpoena form provided by the Federal Claims Court.

### THE MOTION BLURS THE LINES TO MISTAKENLY IMPLY THAT THIS COURT HAS JURISDICTION WHEN IT DOES NOT

The Motion acknowledges that the subpoenas at issue were "issued by the United States Court of Claims," but does not recognize or cite any of the Rules of the United States Court of Federal Claims. Rather, the Motion mistakenly asserts that the subpoenas require the witnesses "to appear at the United States District Court for the District of Utah." Motion at 1. However, the subpoenas attached to the Motion *do not* refer to the District Court for the District of Utah, for that District Court is not hearing this matter. Rather, the subpoenas state the address of the courthouse and identify a courtroom where, on that day and at that time, the United States Court of Federal Claims will conduct a "hearing or trial".

Likewise, paragraph 8 of Mr. Campbell's Affidavit and paragraph 9 of Mr. Norton's Affidavit both state that the subpoena "requires me to attend a hearing or trial at the United States District Court for the District of Utah." Again, nowhere does the subpoena refer to that District Court. The courthouse address for that Court is the address of the Federal Claims Court for this proceeding. The District Court for the District of Utah is not holding the hearing, which is why there was no case in the District of Utah in which to file this Motion. The Motion should have been filed with the Federal Claims Court with jurisdiction in this district for the hearing and with respect to the subpoenas.

3

### THE U. S. COURT OF FEDERAL CLAIMS IS BEST SUITED TO HEAR THIS MOTION

The requirement that a person not be required to "attend a trial, hearing, or deposition" more than 100 miles from where the person "resides, is employed, or regularly transacts business in person," provides the alternative that the person attend if the person is "commanded to attend a trial and would not incur substantial expense." FRCP 45(d) and RCFC 45(d). An aspect of the Federal Claims Court's nationwide jurisdiction "is the power to issue a subpoena requiring a witness to appear and testify at a trial to be held more, and in some instances considerably more, than 100 miles from the witness' residence." *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 499 (2010) (Federal Claims Court hearing a motion to quash a subpoena issued under its rules); *see also Herrmann v. United States*, 129 Fed. Cl. 780, 783 (2017) (requiring travel more than 100 miles).

Indeed, the Court under whose authority the subpoena was issued is convening the evidentiary hearing or trial in Salt Lake City, a much more convenient location for the witnesses seeking to quash the subpoena than its normal venue in Washington, D.C. That Court has jurisdiction to hear this Motion and is in the best position to rule on the assertions that the witnesses need protection under RCFC 45.

Further, while both affidavits describe the hardship attending this hearing would entail, neither affidavit satisfies the requirement for protection under RCFC 45(c)(1)(A) to state that the person does not regularly transact business within 100 miles of the location of the hearing or the requirement of RCFC 45(c)(1)(B)(ii) that they would incur "substantial expense" if required to attend the hearing.

4

### CONCLUSION

This is not the proper court to hear this Motion and the Motion should be denied.

DATED this 28th day of October, 2022.

PATTERSON EARNHART REAL BIRD
& WILSON LLP

*/s/  Baron (Barry) C. Bartel*
Baron (Barry) C. Bartel
1900 Plaza Drive
Louisville, CO  80027

*/s/ J. Preston Stieff*
J. Preston Stieff
J. Preston Stieff Law Offices, LLC
110 South Regent Street, Suite 200
Salt Lake City, UT  84111

*Attorneys for Plaintiffs*